IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DOUGLAS SCOTT AREY, #130-196,<br>    Petitioner | * |
| | * |
| v. | CIVIL ACTION NO. AW-05-637 |
| | * |
| STATE OF MARYLAND,<br>    Respondent | * |

******

## **MEMORANDUM**

On March 2, 2005, the Court received Petitioner Douglas Scott Arey's 28 U.S.C. § 2254 habeas corpus application[1] attacking his convictions for first degree murder and a hand gun offense entered against him in 1974 by what is now known as the Circuit Court for Baltimore City, Maryland. Paper No. 1. On April 6, 2005, Respondent filed an Answer to Petitioner's application for habeas relief solely addressing the timeliness of Petitioner's application. Paper No. 3. Pursuant to this Court's Order of April 18, 2005, Petitioner was given an opportunity to file a reply to the Answer stating that his Petition was filed within the proper time frame or explaining why the Petition should not be dismissed as untimely. Paper No. 4. Petitioner has responded. Paper Nos. 6 and 9.[2]        Petitioner's convictions were entered in 1974. Paper No. 1. On June 2, 1975, the Court of Special Appeals of Maryland affirmed the convictions. *Id*. Petitioner initiated state post conviction proceedings in the Circuit Court for Baltimore City on April 22, 1997. Paper No. 3, Ex. 1. Petitioner's application for leave to appeal the denial of post conviction relief was denied by the Court of Special Appeals of Maryland on April 4, 2000. The court's mandate issued May 8, 2000. *Id*., Ex. 1.

---

[1] The petition is dated January 25, 2005, and shall be deemed to have been filed on that date.

[2] Petitioner has also filed a Motion to Amend the Petition. Paper No. 9. The motion shall be granted.

On May 1, 2001, Petitioner moved to re-open his state post conviction proceedings. *Id.*, Ex. 1. The request was granted but post conviction relief was ultimately denied. *Id.* Petitioner's application for leave to appeal was denied on November 19, 2003, by the Court of Special Appeals of Maryland. Paper No. 1. The Court of Appeals of Maryland declined further review on March 11, 2004. Petitioner sought review of his case by the United States Supreme Court, which denied leave to review the case on October 4. 2004. *See Arey v. Maryland*, 125 S.Ct. 265 (2004) (order).

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 into law. Among the changes made by this law was the addition of a one year statute of limitations in non-capital cases for person convicted in a state court. 28 U.S.C. § 2244(d).[3]  Although

---

[3]This section provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

the statute is silent as to how it should be applied to persons such as Petitioner whose convictions were finalized before April 24, 1996, it is now clearly established that such persons had one year from the effective date, i.e., until April 23, 1997, to file a petition for writ of habeas corpus in federal court. *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). This one year period is, however, tolled while properly filed post conviction proceedings are pending and may otherwise be equitably tolled. See 28 U.S.C. §2244(d)(2). *See also Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's convictions entered by the Circuit Court for Baltimore City became final in 1975. *See* 28 U.S.C. § 2244(d)(1)(A); Md. Rule 8-202. Between April 24, 1996, and April 22, 1997, Petitioner had no post-conviction or other proceedings pending which would have served to toll the one year limitation period. *See* 28 U.S.C. § 2244(d)(2). As such there were only three days of the one-year limitations period remaining when Petitioner first filed for state post conviction relief. Notwithstanding this fact, after conclusion of his state post conviction proceedings, Petitioner had no other proceedings pending between May 9, 2000, and April 30, 2001, or between March 12, 2004, and the filing of this petition on January 25, 2005, which would have served to toll the limitations period. Thus, the Petition is time barred.

The doctrine of equitable tolling applies to excuse a petitioner's failure to comply with a statute of limitations, such as the one year limitations period set out in AEDPA. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *Id.,* at 330 (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). Generally, the doctrine of equitable tolling has been applied in two types of situations: either where

respondent's acts prevent the petitioner from asserting the claim, or where extraordinary circumstances, beyond the petitioner's control, prevent petitioner from filing a timely claim. *Id.*, (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)). Petitioner has offered no arguments in favor of equitable tolling of the limitations period. Rather, Petitioner has filed a motion to amend his petition stating that a decision recently rendered by the Court of Appeals of Maryland, *Wilkins v. State*, 875 A.2d 231 (Md. App, 2005), entitles him to relief. Such a development in Maryland law provides neither equitable nor statutory tolling of the limitations period. Accordingly, a separate Order will be entered denying the Petition as time barred under 28 U.S.C. § 2244(d).

October 25, 2005 /s/
 Date Alexander Williams, Jr.
United States District Judge